UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————————

KARA PATRICK, *on behalf of the Estate of
Dennis Patrick, individually and on behalf of
all others similarly situated*,

               Plaintiff,

         v.

MONROE COUNTY, NEW YORK,

               Defendant.

———————————————————————

**ORDER**

6:26-CV-06250 EAW

Kara Patrick, on behalf of the Estate of Dennis Patrick, individually, and on behalf of all others similarly situated ("Plaintiff"),[1] moves pursuant to Local Rule of Civil Procedure 41(a)(2) for the Court's approval to voluntarily dismiss her claims against defendant Monroe County, New York ("Monroe County"). (Dkt. 9). For the following reasons, the Court grants Plaintiff's unopposed motion.

Plaintiff initiated this action on February 27, 2026, on behalf of the Estate of Dennis Patrick, and other similarly situated individuals, seeking to recover excess proceeds received by Monroe County from tax foreclosure sales. (Dkt. 1). Plaintiff alleged Monroe County foreclosed on property owned by Dennis Patrick due to an outstanding debt of $8,885.49 owed in taxes, fees, or other penalties. (*Id.* at ¶¶ 10-11). The property was sold at a foreclosure sale for $69,000.00 and Monroe County retained all the proceeds from the

---

[1] Plaintiff has not sought to certify the putative class, and this dismissal without prejudice does not impact the rights of any other parties.

- 1 -

sale.  (*Id.* at ¶¶ 14-15).   Plaintiff brought several constitutional and state-law claims, alleging that Monroe County impermissibly retained the proceeds generated in the foreclosure sale in excess of the debt owed.  (*Id.* at ¶¶ 56-112).

Plaintiff now seeks to voluntarily dismiss this action without prejudice due to a perceived conflict of interest identified by Plaintiff's counsel's law firm, and in order to seek individual relief through different avenues.  (Dkt. 9-1).

Local Rule 41(a)(2) provides that "[a]ctions brought on behalf of decedents' estates shall not be settled or compromised, or voluntarily discontinued, dismissed, or terminated, without application to and leave of Court."  Loc. R. Civ. P. 41(a)(2)(A).  That rule requires the parties to submit the terms of a proposed settlement for the Court's approval in addition to affidavits from the estate representative and the estate representative's counsel.  *Id.* There is no settlement agreement between the parties here—Plaintiff only seeks to voluntarily dismiss the case.  (Dkt. 9-1 at ¶ 15).  Plaintiff's counsel submitted an affirmation stating he believes dismissal without prejudice is in the best interest of Plaintiff and will not compromise her claims.  (*Id.* at ¶¶ 20, 25).  After filing this case, Plaintiff's counsel identified a conflict of interest that he believes renders his ongoing representation here to be improper.  A partner at counsel's law firm, Rupp Pfalzgraf LLC, represents the defendant counties in similar actions alleging unlawful takings from tax foreclosure sales. (*Id.* at ¶ 22).[2]  In addition, Plaintiff's counsel states that dismissal will not prejudice Plaintiff because she intends to pursue her claims individually and through different means,

---

[2]    Plaintiff is represented by a second attorney from a different law firm that presumably does not share the same conflict.

such as a claim pursuant to the New York Abandoned Property Law. (*Id.* at ¶¶ 18, 24). Plaintiff also submitted an affidavit stating that she approves of the voluntary discontinuance and believes that such discontinuance is in the best interest of the Estate of Dennis Patrick. (Dkt. 9-4). Plaintiff states the Estate of Dennis Patrick will pursue relief though the New York Abandoned Property Law. (*Id.* at ¶ 10).

Local Rule 7 sets a default briefing schedule on all motions and requires an opposing party to respond within 14 days after service of the motion.[3] Loc. R. Civ. P. 7(b)(2)(B). Plaintiff's motion was filed on July 2, 2026, and Monroe County did not respond. Indeed, Monroe County has not answered or otherwise moved in this action.

Based on Plaintiff's representations, the lack of any opposition, and because there is no settlement agreement for the Court to review, the Court grants Plaintiff's motion to voluntarily dismiss the case without prejudice. Each party shall bear its own fees and costs. The Clerk of Court is directed to close the case.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: July 30, 2026
    Rochester, New York

---

[3] Additional time is permitted to respond to summary judgment motions. Loc. R. Civ. P. 7(b)(2)(A).

- 3 -